UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

LIOSDANY MIRANDA TOLEDO,

                Petitioner,

v.

                    No.  6:26-CV-00217-H

WARDEN, EDEN DETENTION
CENTER,[1]

                Respondent.

## ORDER

Petitioner Liosdany Miranda Toledo filed pro se motions for bond redetermination, Dkt. No. 2, and termination of removal proceedings, Dkt. No. 3, with his petition for writ of habeas corpus.  The Court denies the motions for lack of jurisdiction.

The Court lacks jurisdiction to either grant bond or review the denial of bond.  The decision to release a detainee on bond is entirely within the discretion of the Attorney General.  *See* 8 U.S.C. § 1226(a).  And any decision made by the Attorney General is not subject to judicial review.  8 U.S.C. § 1226(e).  Thus, Petitioner's motion for bond redetermination, Dkt. No. 2, must be denied.

The Court also lacks jurisdiction to terminate Petitioner's removal proceedings. Petitioner relies on *In re Coronado Acevedo*, 28 I. & N. Dec. 648 (A.G. 2022) for his request. But that decision authorizes only immigration judges and the Board of Immigration Appeals to terminate removal proceedings.  Moreover, "[t]he passage of the REAL ID Act

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).  All other named respondents will be terminated from this civil action.

divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g.*, *Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  Section 1252(e)(5) is clear—there "shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."  8 U.S.C. § 1252(e)(5); *see Nianga v. Wolfe*, 435 F. Supp. 3d 739, 2020 WL 415927, at *3–4 (N.D. Tex. 2020); *Rodrigues v. McAleenan*, 2020 WL 363041, at *3–4 (N.D. Tex. 2020).  Thus, the Court lacks jurisdiction to terminate Petitioner's removal proceedings, and the motion must be denied.

The petition remains pending, and the Court will enter a separate order requiring the respondent to answer and setting a schedule for briefing.

So ordered.

Dated May 21, 2026.

James Wesley Hendrix
United States District Judge